UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ERICK BATH,

    Plaintiff,                                        CASE NO.

vs.                                                  Jury Trial Demanded

BCA FINANCIAL SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ERICK BATH ("Plaintiff"), by and through his undersigned counsel and on his behalf, hereby files the following Complaint against Defendant, BCA FINANCIAL SERVICES, INC., ("Defendant") and alleges.

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## PARTIES

3. Plaintiff is an individual residing in Fort Lauderdale, Florida.

4. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant is a Florida corporation with its principle place of business located in Miami, Florida.

6. At all relevant times, Defendant has been and is engaged in the business of collecting and attempting to collect consumer debts in the State of Florida and within the Southern e District of Florida.

7. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) as its principal purpose is the collection of debt or it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and uses the mails to accomplish this purpose and collect debts.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in the Southern District of Florida.

## GENERAL ALLEGATIONS

10. On February 28, 2014, the Defendant sent or caused to be sent to Plaintiff, via U.S. Mail, a letter attempting to collect a debt or financial obligation incurred by Plaintiff for primarily personal, family or household purposes (hereinafter the "Debt Collection Letter") and Plaintiff received it shortly thereafter. A copy of the Debt Collection Letter is attached hereto as **Exhibit A**.

11. The Debt Collection Letter is a "communication" pursuant to the FDCPA, 15 U.S.C. § 1692a(2).

12. The first paragraph of the Debt Collection Letter identifies the Creditor "BROWARD HEALTH-BROWARD GENERAL" and the balance due of $1787.41. Directly to

the right of the foregoing information the Debt Collection Letter states "Other Accounts: $932.60" and a total due of $2720.01.

13. The Debt Collection Letter states in the first paragraph that "[w]e have attempted to communicate with you in the past about this seriously past due debt however, the account balance remains unpaid." However, the "Total Due" adds the amount owed for "Other Accounts" totaling $932.60." Nowhere does the letter clearly set forth why the Plaintiff owes a total of $2720.01. Nor does the letter identify the creditor and/or creditors to whom the additional amount of $932.60 is owed.

14. The bottom of the Debt Collection Letter states "**Detach Lower Portion and Return With Payment."**

15. The lower portion identifies the following:

Date:  FEB 28 2014
Creditor:  BROWARD HEALTH-BROWARD GENERAL MDCL CNTR
Creditor Reference Number:  133259198
For:  ERICK BATH
Balance:  $1787.41
**Other Accounts:  $932.60**
**Total Due:  $2720.01**

(Emphasis added in bold).

16. The Debt Collection Letter is patently confusing and misleading on its face, especially to an unsophisticated consumer, as Plaintiff was unable to determine the specific debt the demand was being sent for, or the amount owed to the specific creditor(s) on the "Other Accounts" totaling $932.60.

17. As a result of Defendant's inclusion of the statement "Other Accounts" totaling: $932.60, if Plaintiff or any unsophisticated consumer actually paid the amount requested in the

Debt Collection Letter, he or they would not have any idea what debt was paid and what, if any, debts remained outstanding.

18.   Further, an unsophisticated consumer could reasonably conclude that the Debt Collection Letter sets forth two different amounts with respect to the amount of the debt owed, and therefore, could be confused as to which amount she is being instructed to remit to the Defendant. The FDCPA does not require an unsophisticated consumer to rely on past notices, bills, or letters to understand the character of the debt being collection.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19.   Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint as though stated fully herein.

20.   The foregoing acts and omissions of Defendant violate 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692e.

21.   As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor for:

    i.   The maximum amount of statutory damages pursuant to 15 U.S.C. § 1692k;

    ii.  Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    iii. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

/s/ Paul R. Fowkes_____
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
pfowkes@DFHlawfirm.com
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
rhasanbasic@DFHlawfirm.com
2203 North Lois Avenue, Suite 830
Tampa, Florida 33607
(813) 221-0500
(813) 228-7077 (Facsimile)